IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ERIC ARNOLD BLOUNT | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv191 |
| CITY OF BEAUMONT, ET AL. | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Eric Arnold Blount, proceeding *pro se* and *in forma pauperis*, brought the above-styled lawsuit against the City of Beaumont, Sharae N. Bassett, and Thomas Baker.[1]

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be dismissed as frivolous and for failing to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

---

[1] To the extent plaintiff's complaint may be construed as asserting a claim against the Beaumont Police Department, the claim is without merit. A plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). The plaintiff has the burden of showing that the city or county department has the capacity to be sued. *Darby*, 939 F.2d at 314. Plaintiff, however, has failed to allege or demonstrate that the Department is a separate legal entity; under Texas law it is not. Plaintiff's claims against the Beaumont Police Department should be dismissed as frivolous and for failing to state a claim upon which relief may be granted. Alternatively, plaintiff's complaint, interpreted liberally, is construed as asserting a claim against the City of Beaumont, Texas and should be dismissed for the reasons set forth in the report and this order.

After careful consideration, the court concludes plaintiff's objections are without merit. For the reasons set forth in the Report, plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Alternatively, plaintiff's claims are barred by the applicable two year statute of limitations. On page three of his complaint in this action, plaintiff stated he had previously filed another lawsuit dealing with the same facts involved in this action. As detailed in his previous complaint filed against Officer Baker, the incidents concerning plaintiff's search by police and subsequent arrest occurred on July 9, 2010. *See Blount v. Baker*, 1:12cv239 (E.D. Tex. Feb. 13, 2013). Thus, this action, filed on April 2, 2013, is barred by the two year statute of limitations. *See Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005) (noting that the limitations period for a § 1983 claim is the same as for personal injury actions in the forum state, which in Texas is two years).

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **13** day of **January, 2014.**

_____
Ron Clark, United States District Judge